UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SPICY MAYO RESTAURANT, *et al*.,<br><br>　　　　　　Defendants. | Case No.  1:25-cv-00159-KES-HBK<br><br>SCREENING ORDER<br><br>MARCH 21, 2025 DEADLINE |

Plaintiff commenced this action on February 7, 2025, by filing a form "Complaint for Civil Case." (Doc. No. 1, "Complaint"). The Court granted Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 3). Plaintiff's Complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court finds the Complaint does not set forth a basis for federal subject matter jurisdiction and otherwise fails to state a cognizable claim for relief. The Court will afford Plaintiff an opportunity to file an amended complaint before recommending this case be dismissed for lack of subject matter jurisdiction.

**SCREENING REQUIREMENT AND STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

1  Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*). A complaint,
2  however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no
3  set of facts in support of his or her claim that would entitle him to relief. *Johnson v. Knowles,*
4  113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997). A complaint must include a
5  short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ.
6  P. 8(a). Dismissal for failure to state a claim in this context is governed by the same standard as
7  dismissal under Federal Rule of Civil Procedure 12(b)(6). *Barren v. Harrington*, 152 F. 3d 1193,
8  1194 (9th Cir. 1998). As such, a complaint must contain sufficient factual matter to state a claim
9  to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A complaint
10 is plausible on its face when it contains sufficient facts to support a reasonable inference that the
11 defendant is liable for the misconduct alleged." *Id*. At this stage, the court accepts the facts
12 stated in the complaint as true. *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976). The
13 Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or
14 unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
15 Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.
16         Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the
17 light most favorable to the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*
18 *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). If a pleading could be cured by the allegation
19 of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal
20 of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*
21 *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to
22 advise a litigant on how to cure the defects. Such advice "would undermine district judges' role
23 as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d
24 at 1131 n.13.

## SUMMARY OF OPERATIVE COMPLAINT

26     Plaintiff names the following as defendants in her Complaint: (1) Spicy Mayo Restaurant;
27 (2) Kong Manager; (3) Farmers Insurance; and (4) Joshua Fowler. (Doc. No. 1 at 1-3).
28     Under the "Parties" section of the Complaint, Plaintiff provides her address and states she

resides in Fresno, California. (*Id*. at 2). Other than identifying the names of each defendant, Plaintiff does not provide any other identifying information for any defendant. (*Id*.). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "diversity of citizenship." (*Id*. at 3). Plaintiff then lists the four defendants to the left of the section of the complaint where Plaintiff is required to provide information if a defendant is a corporation and draws a line from the names and prints "California." (*Id*. at 4). Plaintiff leaves the amount in controversy blank. (*Id*. at 5). Despite checking "diversity of citizenship" as the basis of jurisdiction, in response to whether the basis of jurisdiction is a federal question, Plaintiff responds, "Insurance claim for raw shrimp." (*Id*. at 4).

Due to its brevity, the Court cites in full Plaintiff's statement of claim:

> Ongoing posed harassment purposely. Manipulation for business purposes. Medical issue of food poison by means of uncooked raw shrimp. Inadequate reporting & documentation from Saint Agnes doctors. Farmers Insurance claims manipulation of information w/o intent of withholding proper or suitable payout & steady money under insurance claims. False actor insurance adjuster.

(*Id*. at 5, unedited). As relief, Plaintiff seeks "doctors [sic] bills & pain suffering, loss of wages & hire [sic] proper reports." (*Id*. at 6). Liberally construed, the Complaint appears to seek unspecified monetary damages relating to Smith consuming raw shrimp and presumably becoming sick.

**DISCUSSION**

**A.  Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and the amount in controversy exceed $75,000.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person is considered domiciled in the place they reside if they intent to remain there or intend to return there.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

At the outset, the Complaint is devoid of an amount in controversy.  Further, with regards to the  diversity of citizenship prong, Plaintiff acknowledges she is a citizen of California and states that each of the four defendants are citizens of California.  Thus, as <u>alleged</u> the Complaint facially fails to meet the requirement to establish diversity jurisdiction under §1332.  Further, the Court takes judicial notice that  according to the California Business Search website administered by the Secretary of the State of California, Spicy Mayo Hibachi LLC[1] is a California Corporation with its principal place of business in Fresno, California.[2]  Where at least some of the defendants are citizens of the same state, complete diversity is lacking, and Plaintiff cannot proceed in federal court based on diversity jurisdiction under 28 U.S.C. § 1332.  *Garcia-Cardenas v. Immigration Legal Servs.*, APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of the defendants)).

Because the Complaint fails to establish a basis for federal subject matter jurisdiction, the Court lacks authority to adjudicate Plaintiff's claims but will afford Plaintiff an opportunity to file

---

[1] The Secretary of State has no listing of a business operating under the name "Spicy Mayo Restaurant."
[2] https://bizfileonline.sos.ca.gov/search/business.

4

an amended complaint if she can cure this defect.

In addition to failing to provide a basis for subject matter jurisdiction, Plaintiff's Complaint does not provide a plain statement of her claims, fails to allege a causal connection between any named defendant and any act of wrongdoing. In preparing an amended complaint, the Court advises Plaintiff of some basis procedural and legal tenets.

### B. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557. Here, the Complaint does not provide clear, concise allegations against each individually named defendant sufficient to state a claim that is plausible on its face.

### CONCLUSION AND OPTIONS

Plaintiff's Complaint fails to establish federal subject matter jurisdiction, fails to comply with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim upon which relief may be granted. To continue the prosecution of this action, Plaintiff must take one of the following three options no later than March 21, 2025.

**First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if she chooses. Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged. The amended

complaint should title "First Amended Complaint," include the above case number, and be an original signed and dated under penalty of perjury. Plaintiff may not change the nature of this suit or adding unrelated claims in her amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**Second Option**: Plaintiff may file a Notice stating she intends to stand on her current Complaint subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1). The Court will then dismiss this case without prejudice as a matter of law.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order under Local Rule 110 and/or for failing to prosecute this action under Federal Rule of Civil Procedure 41(b).

Accordingly, it is **ORDERED**:

1. **No later than March 21, 2025**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that she intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a Notice of Voluntary Dismissal under Fed. R. Civ. P. 41.

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:   February 21, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE