1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CANDACE SMITH,                              Case No.  1:25-cv-00159-KES-HBK

12                    Plaintiff,                  FINDINGS AND RECOMMENDATION TO
                                                  DISMISS ACTION
13              v.
                                                  FOURTEEN DAY DEADLINE
14    SPICY MAYO RESTAURANT, *et al*.,

15                    Defendants.

16

17          Plaintiff, Candace Smith ("Plaintiff" or "Smith"), is proceeding pro se and *in forma*

18    *pauperis* on her First Amended Complaint (Doc. No. 5) in this civil action.  For the reasons set

19    forth below, the undersigned recommends that the district court dismiss this action without

20    further leave to amend and close this case.

21                              **SCREENING REQUIREMENT**

22          Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any

23    time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

24    on which relief can be granted, or seeks monetary relief against a defendant who is immune from

25    such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

26    Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint,

27    however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no

28    set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,*

1    113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a

2    short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ.

3    P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as

4    dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193,

5    1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim

6    to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint

7    is plausible on its face when it contains sufficient facts to support a reasonable inference that the

8    defendant is liable for the misconduct alleged."  *Id*.  At this stage, the court accepts the facts

9    stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The

10   Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or

11   unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

12   Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

13          Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the

14   light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

15   *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation

16   of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

17   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

18   *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to

19   advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role

20   as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

21   at 1131 n.13.

22                          **SUMMARY OF OPERATIVE COMPLAINT**

23          Plaintiff names the following as defendants in her Amended Complaint: (1) Spicy Mayo

24   Restaurant;  (2) Kong; (3) Farmers Insurance; (4) Joshua Fowler; (5) Allison; (6) Shane; and

25   Saint Agnes.  (Doc. No. 5 at 1-3).  Under the "Basis of Jurisdiction" section of the Complaint,

26   Plaintiff checks "diversity of citizenship."   (*Id*. at 3).  Other than identifying the names of each

27   defendant, Plaintiff does not provide any other identifying information for any defendant.  (*Id*.).

28   Of significance, Plaintiff leaves blank the address or citizenship for any of the named defendants.

1   (*Id*. at 2-5).  Plaintiff lists her address as Clovis, California, and her citizenship as California.  (*Id*.

2   at 2, 4).  In response to the amount in controversy, Plaintiff writes, "undisclosed."  (*Id*. at 5).

3        Due to its brevity, the Court cites in full Plaintiff's statement of claim:

4
5
6
7
> Violation of health rights & remedy setup & fraud. [Illegible] w/6 shrimp raw shrimp food poisoning. Lie by doctor & belived intentional poisoning w/6 raw shrimp. Group believed to be associated with mercy & doctor of Saint Agnes. Intention manipulation of factual material & medical data. Farmers corrupt group [illegible] from Fresno.

8   (*Id*. at 5, unedited).  As relief, Plaintiff seeks "punitive" and "exemplary" (*Id*. at 6).  Liberally

9   construed, the Amended Complaint appears to seek unspecified monetary damages relating to

10  Smith consuming raw shrimp and presumably becoming sick.

### DISCUSSION

#### A.  Subject Matter Jurisdiction

13       "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of*

14  *Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a

15  waivable matter and may be raised at any time by one of the parties, by motion or in the

16  responsive pleadings, or *sua sponte* by the trial or reviewing court."  *Emrich v. Touche Ross &*

17  *Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  A federal court is presumed to lack subject matter

18  jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is

19  proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The "presence or

20  absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which

21  provides that federal jurisdiction exists only when a federal question is presented on the face of

22  the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If

23  a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P.

24  12(h)(3).

25       Jurisdiction founded on 28 U.S.C. § 1332 requires the parties be in complete diversity and

26  the amount in controversy exceed $75,000.  To establish citizenship for diversity purposes, a

27  natural person must be a citizen of the United States and be domiciled in a particular state.

28  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  A person is considered

1   domiciled in the place they reside if they intent to remain there or intend to return there. *Kanter*

2   *v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of any state

3   where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. §

4   1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

5   At the outset, the Amended Complaint is devoid of an amount in controversy.  Further,

6   with regards to the  diversity of citizenship prong, Plaintiff acknowledges she is a citizen of

7   California but fails to identify the citizenship for aby of the defendants.  Thus, as <u>alleged</u> the

8   Amended Complaint facially fails to meet the requirement to establish diversity jurisdiction under

9   §1332.  Further, the Court takes judicial notice that  according to the California Business Search

10  website administered by the Secretary of the State of California, Spicy Mayo Hibachi LLC[1] is a

11  California Corporation with its principal place of business in Fresno, California.[2]  Where at least

12  some of the defendants are citizens of the same state, complete diversity is lacking, and Plaintiff

13  cannot proceed in federal court based on diversity jurisdiction under 28 U.S.C. § 1332.  *Garcia-*

14  *Cardenas v. Immigration Legal Servs*., APC, No. 1:13-CV-01065-AWI, 2013 WL 4542223, at *2

15  (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a

16  citizen of the same state as any of the defendants)).

17  Because the Amended Complaint fails to establish a basis for federal subject matter

18  jurisdiction, the Court lacks authority to adjudicate Plaintiff's claims.

19  **B.  Federal Rule of Civil Procedure 8**

20  Plaintiff's First Amended Complaint is not a short and plain statement of her claims.  It.

21  contains no facts to support her allegations.  Instead, Plaintiff's allegations are incoherent and  an

22  uncontextualized jumble of words. Plaintiff does not connect any alleged act of wrongdoing to

23  any listed defendant nor any claim.  No defendant could be reasonably expected to understand,

24  from this complaint, how he or she is alleged to have violated plaintiff's rights. *Swierkiewicz v.*

25  *Sorema N.A*., 534 U.S. 506, 512 (2002) (observing that the purpose of the complaint is to "give

26  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests")

27  _____
    [1] The Secretary of State has no listing of a business operating under the name "Spicy Mayo Restaurant."
    [2] https://bizfileonline.sos.ca.gov/search/business.

28

1    (internal quotation marks and citations omitted).  Despite being provided with the relevant

2    standard, Plaintiff has been unable to cure the pleading deficiencies.

3          **C.  No Further Leave to Amend**

4          The Court previously screened Plaintiff's original complaint and provided her with an

5    opportunity to cure its deficiencies. (See Doc. No. 4).  The Court also instructed Plaintiff in detail

6    on the applicable law and pleading requirements.  (*Id*.).  Despite affording Plaintiff an opportunity

7    to correct the deficiencies in her original complaint, the First Amended Complaint again fails to

8    properly invoke this Court's subject matter jurisdiction and otherwise fails to adequately state any

9    plausible federal claim.  Because there is no federal jurisdiction for Plaintiff's cryptic claims, the

10   undersigned finds that any further amendment would be futile and recommends the district court

11   dismiss the First Amended Complaint without further leave to amend. *McKinney v. Baca*, 250 F.

12   App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting

13   discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or

14   more opportunities to amend his complaint); *see also Saul v. United States*, 928 F.2d 829, 843

15   (9th Cir. 1991) (A district court can deny leave "where the amendment would be futile . . . or

16   where the amended complaint would be subject to dismissal").

17         Additionally, the undersigned notes that Plaintiff is no stranger to this Court.  In fact, a

18   review of the Court's case management and electronic filing system reveals that since 2024 to the

19   date of these Findings and Recommendations, Plaintiff has filed 22 cases in this District.  Of the

20   cases screened, 19 have either been dismissed or are pending possible dismissal:

21         • *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO (filed February 14, 2024; dismissed

22            March 26, 2024, for lack of subject-matter jurisdiction and without further leave to

23            amend);

24         • *Smith v. Cordoza*, No. 1:24-cv-00200-KES-BAM (filed February 14, 2024;

25            dismissed October 11, 2024, for failure to comply with Federal Rule of Civil

26            Procedure 8 and failure to establish Court's jurisdiction);

27         •  *Smith v. Planet Fitness, et al*., No. 1:24-cv-00203-JLT-HBK (filed February 15,

28            2024; dismissed August 2, 2024, for failure to comply with the Court's orders and

5

1    failure to prosecute);

2    • *Smith v. McDonalds Incorporated, et al.*, No. 1:24-cv-00204-KES-SAB (filed

3    February 15, 2024; dismissed November 25, 2024, without further leave to amend,

4    for failure to comply with Federal Rule of Civil Procedure 8 and failure to

5    establish subject-matter jurisdiction);

6    • *Smith v. Novoa, et al.*, No. 1:24-cv-00221-KES-HBK (filed February 21, 2024;

7    dismissed December 10, 2024, without further leave to amend, for being

8    duplicative of filing *Smith v. Novoa*, No. 1:24-cv-00199-JLT-SKO and for lack of

9    subject-matter jurisdiction);

10    • *Smith v. Novoa, et al.*, No. 1:24-cv-00251-KES-EPG (filed February 29, 2024;

11    dismissed August 26, 2024, for failure to file a long form in forma pauperis

12    application or pay filing fee);

13    • *Smith v. Davis*, No. 1:24-cv-00476-JLT-EPG (filed April 22, 2024; dismissed

14    January 7, 2025, without further leave to amend for lack of subject-matter

15    jurisdiction);

16    • *Smith v. Ayodale, et al.*, No. 1:24-cv-00538-JLT-BAM (filed May 6, 2024;

17    dismissed without leave to amend for lack of  jurisdiction);

18    • *Smith v. West Coast Hotel Management, LLC, et al.*, No. 1:24-cv-00586-KES-

19    HBK (filed May 16, 2024; dismissed December 3, 2024, for failure to prosecute)

20    • *Smith v. Kemper Insurance, et al.*, No. 1:24-cv-00587-JLT-SKO (filed May 16,

21    2024; dismissed November 19, 2024 for failure to prosecute and failure to comply

22    with Court's orders);

23    • *Smith v. Farmers Insurance, et al.*, No. 1:24-cv-00588-KES-BAM (filed May 16,

24    2024; pending recommended dismissal for failure to prosecute);

25    • *Smith v. Community Hospital, et al.*, No. 1:24-cv-00589-KES-BAM (filed May 16,

26    2024; dismissed December 23, 2024, for failure to prosecute);

27    • *Smith v. Chick-Fil-A, et al.*, No. 1:24-cv-00814-JLT-BAM (filed July 15, 2024;

28    dismissed November 27, 2024, for failure to state a claim upon which relief can be

6

1    granted and for failure to comply with Court's orders);

2    • *Smith v. Dyer*, et al., No. 1:24-cv-01100-JLT-SKO (filed September 16, 2024;

3    dismissed November 27, 2024 without leave to amend for lack of subject-matter

4    jurisdiction);

5    • *Smith v. Dyer*, *et al*., No. 1:24-cv-01288-JLT-EPG (filed October 22, 2024;

6    dismissed January 8, 2025, without leave to amend for failure to comply with

7    Federal Rule of Civil Procedure 8 and for lack of subject-matter jurisdiction);

8    • *Smith v. University Inn Hotel, Inc, et al*., No. 1:24-cv-01316-KES-EPG (filed

9    October 28, 2024; dismissed February 11, 2025, without leave to amend for failure

10    to comply with Federal Rule of Civil Procedure 8 and for lack of subject-matter

11    jurisdiction);

12    • *Smith v. Carlise, et. al*., No. 1:24-cv-01317-KES-BAM (filed October 28, 2024;

13    dismissed February 11, 2025, without leave to amend for failure to prosecute);

14    • *Smith v. George Brown Fitness, et al*., No. 1:24-cv-01561-JLT-SAB (filed

15    December 18, 2024; dismissed February 14, 2025 without leave to amend for

16    failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject-

17    matter jurisdiction);

18    • *Smith v. Chick-Fil-A, et. al.,* No. 1:24-cv-01471-JLT-HBK (filed December 3,

19    2024; dismissed March 6, 2025 without leave to amend for lack of  jurisdiction).

20    Based on the foregoing, the undersigned finds granting leave to amend in this action

21    would be futile.  Additionally, the Court has concluded that it lacks subject-matter jurisdiction

22    over this action, and it does not appear that Plaintiff could cure this deficiency by submitting an

23    amended complaint.

24    **FINDINGS AND RECOMMENDATION**

25    The undersigned finds the Court lacks subject-matter jurisdiction over this action and that

26    Plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil

27    Procedure and state a cognizable federal claim.  Further, the undersigned recommends that no

28    further leave be provided considering Plaintiff's extensive litigation history with deficient filing

7

1   in this District and her apparent inability to cure her pleadings.

2          Accordingly, it is **RECOMMENDED:**

3          1.   The district court dismiss the First Amended Complaint without further leave to

4               amend.

5          2.   The Clerk of Court be directed to close this case.

6                               **NOTICE TO PARTIES**

7          These Findings and Recommendations will be submitted to the United States District

8    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9    after being served with a copy of these Findings and Recommendations, a party may file written

10   objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

11   "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

12   **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

13   wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

14   CM/ECF document and page number, when possible, or otherwise reference the exhibit with

15   specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

16   the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

17   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

18   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

19

20   Dated:    March 20, 2025

21                                          HELENA M. BARCH-KUCHTA
                                            UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28

8